FILED

2026 Aug-10  PM 02:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ARDENT PRESCHOOL AND DAYCARE, LLC,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CASE NO. _____** |
| **ARDENT LEARNING ACADEMY, LLC; CEDRIC HILL, SR.; and KENYAH M. DAVIS,** | ) ) ) ) ) ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Ardent Preschool and Daycare, LLC, for its Complaint against Defendants Ardent Learning Academy, LLC, Cedric Hill, Sr., and Kenyah M. Davis, alleges as follows:

### I.  NATURE OF THE ACTION

1.     This is an action for trademark infringement, false designation of origin, and unfair competition arising under the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, and under the law of the State of Alabama.

2.     Plaintiff Ardent Preschool and Daycare, LLC ("Ardent" or "Plaintiff") owns United States Trademark Registration No. 5,878,681 for the service mark

ARDENT PRESCHOOL & DAYCARE (the "Ardent Mark"), registered on the Principal Register in International Classes 41 and 43 for educational, preschool, childcare, and daycare services. The registration is valid, subsisting, and has become incontestable under 15 U.S.C. § 1065.

3.    Defendants operate a competing preschool and childcare facility in Jefferson County, Alabama—within Plaintiff's established market—under the name ARDENT LEARNING ACADEMY, for services that are identical or legally identical to the services recited in Plaintiff's registration. Defendants have no license, authorization, or consent from Plaintiff to do so.

4.    Defendants' use of ARDENT LEARNING ACADEMY has caused and is likely to continue to cause confusion, mistake, and deception as to the source, sponsorship, or affiliation of Defendants' services, in violation of 15 U.S.C. §§ 1114 and 1125(a) and Alabama law.

5.    Plaintiff put Defendants on notice of its rights by letter dated June 15, 2026. Defendants responded in writing on June 30, 2026, stating that they had decided to adopt a new name and would "permanently discontinue use of the name 'Ardent Learning Academy' and any branding incorporating the word 'Ardent.'" Plaintiff thereafter agreed in writing to a thirty (30) day transition period expiring on or about August 1, 2026.

6.    Notwithstanding Defendants' written commitment and the transition period Plaintiff extended to them, Defendants continue to use the Ardent Mark in commerce. Plaintiff therefore brings this action and seeks preliminary and permanent injunctive relief, an accounting and disgorgement of Defendants' profits, damages, and its costs and attorneys' fees.

## II.  PARTIES

7.    Plaintiff Ardent Preschool and Daycare, LLC is a limited liability company organized under the laws of the State of Alabama, with its principal place of business at 40 Inverness Center Parkway, Suite 120, Birmingham, Alabama 35242. Plaintiff and its related companies operate eight licensed preschool and daycare locations in the State of Alabama, including four in the Birmingham market where Defendants operate a competing daycare.

8.    Defendant Ardent Learning Academy, LLC ("ALA") is, on information and belief, a limited liability company organized under the laws of the State of Alabama, with its principal place of business at 3025 Wood Drive NE, Center Point, Alabama 35215. Its registered agent for service of process is Cedric D. Hill, Jr., 936 Valley Circle, Leeds, Alabama 35094.

9.    Defendant Cedric Hill, Sr. is an adult resident of Shelby County, Alabama, residing at 2751 Rosebay Lane, Helena, Alabama 35022. On information and belief, Cedric Hill, Sr. is the owner of ALA and, in that capacity, personally

3

selected, authorized, directed, and continues to direct ALA's adoption and use of the ARDENT LEARNING ACADEMY name.

10. Defendant Kenyah M. Davis is an adult resident of Jefferson County, Alabama, residing at 936 Valley Circle, Leeds, Alabama 35094. On information and belief, Ms. Davis is the Director of ALA and, in that capacity, is a moving, active, conscious force behind ALA's use of the ARDENT LEARNING ACADEMY name, including its use in signage, advertising, regulatory filings, and applications for loans, grants, or subsidies.

11. On information and belief, Defendants Hill and Davis actively and knowingly participated in, directed, and personally benefited from the infringing conduct alleged herein and are therefore jointly and severally liable with ALA.

### III. JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1338(b), because those claims assert unfair competition joined with a substantial and related claim under the trademark laws of the United States, and pursuant to 28 U.S.C. § 1367(a), because those claims form part of the same case or controversy as Plaintiff's federal claims.

4

14.    This Court has personal jurisdiction over each Defendant. ALA is organized under Alabama law and maintains its only place of business in this District; Defendants Hill and Davis are residents of Alabama; and each Defendant has purposefully directed the acts complained of at consumers within this District.

15.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because all Defendants reside in this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—including Defendants' use of the infringing name and the resulting confusion—occurred in this District.

16.    Assignment to the Southern Division is proper because Defendant ALA operates in Center Point, Jefferson County, Alabama, and Plaintiff's principal place of business is in Jefferson County, Alabama.

## IV.  FACTUAL ALLEGATIONS

### A.  Plaintiff's Ardent Mark and Federal Registration

17.    Since at least as early as January 23, 2019, Plaintiff has continuously used the Ardent Mark in interstate commerce in connection with educational services, namely, providing pre-school classroom instruction; childcare services; providing day care centers; and preschooler and infant care.

18.    On March 12, 2019, Plaintiff applied to register the Ardent Mark with the United States Patent and Trademark Office. The mark was published for opposition on July 23, 2019, and registered on the Principal Register on October 8,

2019, as Registration No. 5,878,681 (Serial No. 88336078), in International Class 041 and International Class 043. A true and correct copy of the registration record is attached as **Exhibit A** and incorporated by reference.

19.     Registration No. 5,878,681 is valid, subsisting, unrevoked, and uncancelled. On December 23, 2025, the USPTO accepted Plaintiff's combined declaration under Sections 8 and 15 of the Lanham Act and acknowledged the Section 15 declaration of incontestability.

20.     Plaintiff's right to use the Ardent Mark in commerce for the registered services is therefore incontestable under 15 U.S.C. § 1065, and the registration is conclusive evidence of the validity of the mark, of Plaintiff's ownership of the mark, and of Plaintiff's **exclusive** right to use the mark in commerce in connection with the registered services, subject only to the defenses enumerated in 15 U.S.C. § 1115(b).

21.     Plaintiff's registration has also constituted constructive notice of Plaintiff's claim of ownership of the Ardent Mark nationwide since October 8, 2019. 15 U.S.C. § 1072.

22.     The dominant and sole source-identifying element of the Ardent Mark is the term ARDENT. The remaining wording, "PRESCHOOL & DAYCARE," is descriptive or generic matter that was disclaimed in the registration. ARDENT is an

arbitrary term as applied to preschool, childcare, and daycare services; it is inherently distinctive and entitled to a broad scope of protection.

23.    Plaintiff has invested substantial resources in advertising and promoting its services under the Ardent Mark, including through signage, print and digital advertising, its website, social media, community and church partnerships, and referral relationships with agencies serving families in central Alabama. Plaintiff has authorized eight daycares and schools in Alabama to use the Ardent Mark—four of which are in the Birmingham area.

24.    As a result of Plaintiff's continuous use and promotion, the Ardent Mark has acquired substantial goodwill and is recognized by parents, childcare regulators, funding agencies, and referral sources in the Birmingham metropolitan area as identifying Plaintiff as the source of the services offered under it.

**B.  Defendants' Adoption and Use of a Confusingly Similar Mark**

25.    On or about September 11, 2023, well after Plaintiff's first use and registration of the Ardent Mark, Defendants organized Ardent Learning Academy, LLC with the Alabama Secretary of State and thereafter began operating a preschool and childcare facility at 3025 Wood Drive NE, Center Point, Alabama, on premises owned or controlled by Tabernacle of Praise Ministries, Inc.

26.    Defendants use the designation ARDENT LEARNING ACADEMY (the "Infringing Mark") in commerce to identify, advertise, and offer their preschool

7

and childcare services, including on exterior and interior signage, their website, email addresses, social media accounts, online business listings, marketing materials, uniforms, business forms and printed documents, vendor accounts, banking and insurance records, state licensing and regulatory filings, and applications for loans, grants, subsidies, and other funding.

27. The services Defendants offer under the Infringing Mark—preschool instruction and licensed childcare for young children—are identical or legally identical to the services recited in Plaintiff's registration.

28. Defendants offer those services to the same class of consumers as Plaintiff—parents and guardians in the Birmingham metropolitan area seeking licensed childcare and preschool education for their children—through the same channels of trade, including local advertising, online listings, referral agencies, and childcare subsidy programs administered by the Alabama Department of Human Resources.

29. The Infringing Mark is confusingly similar to the Ardent Mark. Each begins with, and takes its entire distinctive character from, the identical arbitrary word ARDENT. The remaining words in each designation—"Preschool & Daycare" and "Learning Academy"—are generic or highly descriptive of the very same services and do nothing to distinguish the marks; if anything, they reinforce the impression that the two businesses are the same enterprise or affiliated enterprises.

The marks are substantially similar in sight, sound, connotation, and overall commercial impression.

30.    Defendants adopted and used the Infringing Mark without the license, authorization, or consent of Plaintiff.

31.    Defendants had at least constructive notice of Plaintiff's rights in the Ardent Mark as of October 8, 2019, by operation of 15 U.S.C. § 1072, and had actual notice no later than June 12, 2026.

### C.  Actual Confusion and Injury to Plaintiff

32.    Defendants' use of the Infringing Mark has caused actual confusion. For example, Plaintiff recently received correspondence from United Way, a grantor who awarded ALA a grant and copied Plaintiff on the forwarding email and grant letter to ALA on the mistaken belief that it was associated with Plaintiff (the "United Way Letter"). United Way thanked ALA for "multiple applications" for the grantor's "Expanding Childcare and Early Learning Grant." Conversations with the grantor confirmed that it had received one application from ALA and one from Plaintiff, but it believed both applications to be affiliated with Plaintiff because of the confusion regarding ALA's use of the Ardent Mark. A true and correct copy of the United Way Letter is attached here as **Exhibit B**. ALA's receipt of the United Way Letter put Defendants on notice that their use of the Infringing Mark was creating confusion in the marketplace.

33. On information and belief, Defendants have submitted applications for loans, grants, subsidies, or other funding using the Infringing Mark, with the result that lenders, grantors, and governmental agencies have associated Defendants' business with Plaintiff and its registered mark. Plaintiff has requested, and Defendants have refused to provide, an identification of each such grantor or lender and the dates of each such application.

34. Because the services of both Plaintiff and ALA consist of the care of infants and young children, confusion between them carries a heightened risk of harm to Plaintiff. Any licensing deficiency, regulatory citation, injury, complaint, insurance claim, or financial default associated with ALA's facility is likely to be attributed to Plaintiff and to injure the goodwill Plaintiff has spent years building.

35. Defendants' continued use of the Infringing Mark deprives Plaintiff of control over the quality of services offered under a mark the public associates with Plaintiff, and of control over the reputation of its own business.

## D. Notice to Defendants and Defendants' Written Admissions

36. Plaintiff learned of Defendants' use of the Infringing Mark upon receipt of the United Way Letter and immediately took action. By letter dated June 15, 2026, sent by electronic mail and by certified and regular U.S. Mail, Plaintiff's counsel notified Defendants of Plaintiff's rights in the Ardent Mark, demanded that Defendants immediately cease all use of the Infringing Mark and of any mark

containing "ARDENT" in connection with educational, childcare, preschool, and daycare services, and demanded written confirmation of compliance by July 1, 2026. A true and correct copy of that letter is attached as **Exhibit C**.

37.    By email dated June 30, 2026, Defendants Hill and Davis responded on behalf of ALA. Defendants stated that they had made the business decision to voluntarily adopt a new name for their childcare center and that, upon completion of the transition, they would permanently discontinue use of the name "Ardent Learning Academy" and any branding incorporating the word "Ardent." Defendants requested a ninety (90) day transition period. A true and correct copy of that email is attached as **Exhibit D**.

38.    In that same email, Defendants itemized the steps their rebranding would require, including a legal entity name change; updates to state licensing and regulatory records, including with the Alabama Department of Human Resources and applicable childcare subsidy programs; revisions to banking, insurance, tax, and business registrations; updates to licensing applications, permits, and vendor accounts; replacement of exterior and interior signage; reordering of marketing materials, uniforms, and business forms; updates to their website, email addresses, social media accounts, and online business listings; and notification of parents, vendors, government agencies, referral agencies, and community partners.

39.     By letter dated July 2, 2026, Plaintiff's counsel accepted Defendants' stated commitment to change the name, agreed to a thirty (30) day transition period from the date of that letter, and requested that Defendants provide, by July 9, 2026, the name of each grantor or lender entity and the date of each application for loans, grants, subsidies, or other funding made using the Ardent Mark, together with confirmation that each such funding source had been notified and had corrected its files. A true and correct copy of that letter is attached as **Exhibit E**.

40.     Defendants did not provide the information requested by July 9, 2026 and since July 9 have expressly refused to provide this information.

41.     The thirty-day transition period expired on or about August 1, 2026. As of the filing of this Complaint, Defendants continue to use the Infringing Mark in commerce, including social media accounts, Secretary of State listing, and signage at the Center Point facility.

42.     Plaintiff has performed all conditions precedent to this action and has given Defendants notice of its claims and a reasonable opportunity to cure. Defendants' continued use of the Infringing Mark following their written acknowledgment and commitment demonstrates that Defendants' infringement is knowing, deliberate, and willful.

## E. Irreparable Harm and the Need for Injunctive Relief

43.     Defendants' conduct has caused and, unless enjoined, will continue to cause irreparable injury to Plaintiff, including loss of control over its mark, its reputation, and its goodwill, and injury of a kind that cannot be fully measured or compensated in monetary damages.

44.     Plaintiff is entitled to the rebuttable presumption of irreparable harm afforded by 15 U.S.C. § 1116(a) upon a finding of a violation of 15 U.S.C. §§ 1114 or 1125(a) or, in the preliminary-injunction context, upon a showing of a likelihood of success on the merits.

45.     The harm to Plaintiff is compounded by the presence of the Ardent Mark in Defendants' regulatory records, licensing files, and pending or completed funding applications, which creates an ongoing risk that Defendants' obligations, liabilities, or deficiencies will be recorded against, or attributed to, Plaintiff.

46.     The balance of the equities favors an injunction. Defendants have already conceded that they must and will change their name, have been on notice since June 15, 2026, and have had the benefit of a transition period; the only burden an injunction imposes on Defendants is the completion of steps they have already committed to take.

13

47.     An injunction serves the public interest. The public's interest in being free from confusion as to source is at its strongest where, as here, the consumers at issue are parents selecting a provider to care for their young children.

## V.  CLAIMS FOR RELIEF

### COUNT I
### Federal Trademark Infringement—15 U.S.C. § 1114(1)

48.     Plaintiff repeats and incorporates by reference paragraphs 1–47.

49.     Plaintiff owns valid, subsisting, and incontestable United States Trademark Registration No. 5,878,681 for the Ardent Mark.

50.     Defendants have used and continue to use in commerce, without Plaintiff's consent, a reproduction, copy, or colorable imitation of the registered Ardent Mark in connection with the sale, offering for sale, distribution, and advertising of preschool and childcare services.

51.     Defendants' use is likely to cause confusion, to cause mistake, and to deceive consumers as to the source, origin, sponsorship, affiliation, or approval of Defendants' services, and has in fact caused such confusion.

52.     Defendants' conduct constitutes infringement of a federally registered mark in violation of 15 U.S.C. § 1114(1).

53.     Defendants' infringement is knowing, deliberate, and willful, and has continued after Defendants' written acknowledgment of Plaintiff's rights and their written commitment to discontinue use.

54.    As a direct and proximate result, Plaintiff has suffered and will continue to suffer irreparable injury and monetary damages. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116; to Defendants' profits, Plaintiff's damages, and the costs of this action, and to enhanced or treble damages, under 15 U.S.C. § 1117; to attorneys' fees as this is an exceptional case; and to destruction or delivery up of infringing materials under 15 U.S.C. § 1118.

## COUNT II
## False Designation of Origin and Unfair Competition—15 U.S.C. § 1125(a)

55.    Plaintiff repeats and incorporates by reference paragraphs 1–47.

56.    The Ardent Mark is distinctive and serves to identify Plaintiff as the source of the services offered under it.

57.    Defendants' use of the Infringing Mark in commerce in connection with their services constitutes a false designation of origin and a false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendants' services by Plaintiff.

58.    Defendants' conduct violates 15 U.S.C. § 1125(a)(1)(A).

59.    Defendants' conduct was and is willful, entitling Plaintiff to injunctive relief, an accounting and disgorgement of Defendants' profits, damages, enhanced damages, costs, and attorneys' fees under 15 U.S.C. §§ 1116, 1117, and 1118.

15

## COUNT III
## Common-Law Trademark Infringement and Unfair Competition

60.    Plaintiff repeats and incorporates by reference paragraphs 1–47.

61.    By virtue of its continuous use of the Ardent Mark in Alabama since at least January 23, 2019, and the goodwill it has developed in that mark, Plaintiff owns enforceable common-law rights in the Ardent Mark in Alabama, which rights are expressly preserved by Ala. Code § 8-12-17.

62.    Defendants' use of the Infringing Mark for identical services in Plaintiff's market is likely to cause and has caused confusion among consumers and constitutes trademark infringement, unfair competition, and misappropriation of Plaintiff's goodwill under the common law of the State of Alabama.

63.    Defendants' conduct was undertaken with knowledge of Plaintiff's rights and constitutes willful and intentional misconduct.

64.    Plaintiff is entitled to injunctive relief and to damages, including such further relief as the Court deems just.

## COUNT IV
## Alabama Deceptive Trade Practices Act—Ala. Code § 8-19-1 et seq.

65.    Plaintiff repeats and incorporates by reference each of the foregoing paragraphs.

66.    Defendants' use of the Infringing Mark causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of their

16

services, and as to their affiliation, connection, or association with Plaintiff, in violation of Ala. Code § 8-19-5(2) and (3).

67.    Plaintiff has been damaged as a result and is entitled to the remedies available under Ala. Code § 8-19-10, including injunctive relief, actual damages, and attorneys' fees.

## VI.  PRAYER FOR RELIEF

Plaintiff Ardent Preschool and Daycare, LLC respectfully requests that this Court enter judgment in its favor and against Defendants, jointly and severally, and grant the following relief:

A.    A preliminary injunction and thereafter a permanent injunction, pursuant to 15 U.S.C. § 1116 and the Court's equitable powers, restraining and enjoining Defendants and their officers, members, managers, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation with any of them, from:

(i)    using ARDENT LEARNING ACADEMY, the word ARDENT, or any other designation confusingly similar to the Ardent Mark, in connection with educational, preschool, childcare, or daycare services;

17

(ii)    using any such designation in any trade name, entity name, assumed or trade name filing, domain name, email address, social media account or handle, online business listing, directory listing, signage, advertising, promotional material, uniform, business form, invoice, or vendor, banking, insurance, licensing, regulatory, or funding submission;

(iii)    representing, expressly or by implication, that Defendants or their services are affiliated with, sponsored by, approved by, licensed by, or in any way connected to Plaintiff; and

(iv)    assisting, aiding, or abetting any other person or entity in doing any of the foregoing;

B.    An order directing Defendants, within such time as the Court shall set, to: (i) remove and permanently discontinue all use of the Infringing Mark on all signage, advertising, marketing materials, uniforms, forms, and printed matter; (ii) file all documents necessary to change ALA's legal name with the Alabama Secretary of State and to cancel any related trade name or assumed name filings; (iii) correct their records with the Alabama Department of Human Resources, the Alabama Department of Revenue, all applicable childcare subsidy programs, and all licensing and permitting authorities; (iv) notify in writing each

18

grantor, lender, or other funding source to which any application bearing the Infringing Mark was submitted, and request correction of that entity's files, and provide Plaintiff with copies of those notices and any resulting confirmations; (v) disable, transfer, or de-index all domain names, social media accounts, and online listings bearing the Infringing Mark; and (vi) provide written notice of the name change to parents, vendors, referral agencies, and community partners;

C.   An order requiring Defendants to file with the Court and serve upon Plaintiff, within thirty (30) days after service of the injunction, a written report under oath setting forth in detail the manner and form in which they have complied with the injunction, pursuant to 15 U.S.C. § 1116(a);

D.   An order pursuant to 15 U.S.C. § 1118 requiring the delivery up and destruction of all signage, labels, signs, prints, packages, advertisements, and other materials in Defendants' possession or control bearing the Infringing Mark;

E.   An accounting and disgorgement of all profits Defendants derived from their use of the Infringing Mark, together with Plaintiff's actual damages, pursuant to 15 U.S.C. § 1117(a);

F.      An award of enhanced damages, up to three times Plaintiff's actual damages, on account of Defendants' willful infringement, pursuant to 15 U.S.C. § 1117(a);

G.      An award of Plaintiff's reasonable attorneys' fees and the costs of this action, this being an exceptional case within the meaning of 15 U.S.C. § 1117(a);

H.      Pre-judgment and post-judgment interest at the maximum lawful rate; and

I.      Such other and further relief as this Court deems just and proper.

Respectfully submitted this 10th day of August, 2026.

/s/ Clark R. Hammond
Clark R. Hammond (asb-1550-d44c)
J. Britton Funderburk (asb-1926-c92s)
Lawrence "Trey" H. Bundrick, III
(asb-8564-a88x)

*Attorneys for Plaintiff Ardent Preschool and Daycare, LLC*

**OF COUNSEL:**
WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.
Post Office Box 530910
Birmingham, Alabama 35253-0910
Telephone: (205) 870-0555
Facsimile: (205) 874-3292
chammond@wallacejordan.com
bfunderburk@wallacejordan.com
tbundrick@wallacejordan.com

20

**<u>Defendants to be served by process server.</u>**

Ardent Learning Academy LLC
c/o Registered Agent Mr. Cedric Hill, Sr.
3025 Wood Drive NE
Center Point, Alabama 35215

Ms. Kenyah M. Davis
936 Valley Circle
Leeds, Alabama 35094

Mr. Cedric Hill, Sr.
2751 Rosebay Lane
Helena, Alabama 35022

## EXHIBITS

Exhibit A - USPTO record for Registration No. 5,878,681 (ARDENT PRESCHOOL & DAYCARE)

Exhibit B - Letter from United Way dated June 12, 2026

Exhibit C - Letter from J. Birch Bowdre to Defendants dated June 15, 2026

Exhibit D - Email from Cedric Hill and Kenyah Davis dated June 30, 2026

Exhibit E - Letter from J. Birch Bowdre to Defendants dated July 2, 2026

## VERIFICATION

I am the CEO of Ardent Preschool and Daycare, LLC ("Ardent") and authorized to make this verification on its behalf.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon Ardent's records and the information made available to me.

Pursuant to 28 U.S.C. § 1746(2), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on August 4, 2026.

JOHN LABRECHE